## BROWN v. LEVY.

(City Court of New York, General Term.   February 28, 1901.)

1. PRACTICE AND PLEADING—MOTIONS—DISMISSAL OF COMPLAINT—NOT RENEWED—EFFECT.

Where the defendant, on the denial of his motion to dismiss after the close of plaintiff's case, introduced evidence, and did not renew his motion or request a directed verdict, such omission was a consent to the submission of the case to the jury.

2. APPEAL—REVIEW—EVIDENCE.

Where no certificate that the record contained all the evidence was attached to the case on appeal, and defendant had failed to renew his motion to dismiss after the conclusion of the evidence, and had not requested a directed verdict, the appellate court will only consider whether there was error in the admission of evidence and the rulings on the trial.

Appeal from trial term.

Action by Rachel Brown against Lazarus Levy.   From a judgment in favor of the plaintiff, the defendant appeals.   Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Malcolm R. Lawrence, for appellant.

Charles G. F. Wahle, for respondent.

PER CURIAM.   At the close of the plaintiff's case defendant moved to dismiss the complaint, and this motion was denied, and exception taken.   The defendant did not rest upon his exception, but proceeded to put in his proofs, and when the case closed did not renew his motion to dismiss the complaint, but, on the contrary, went to the jury without making such a motion.   The legal effect of the omission of defendant, at the close of the testimony, to move either for a dismissal of the complaint or the direction of a verdict in his favor, was to consent to the submission of the case to the jury, and a concession on his part that there was a question for the jury.   Pollock v. Iron-Works Co., 157 N. Y. 699, 51 N. E. 979; Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27.   There is no certificate in the case on appeal that it contains all the evidence and proceedings had upon the trial.

In view of the fact that no motion to dismiss or for a direction of a verdict was made at the close of the case, and there is no certificate showing that the case on appeal contains all the evidence and proceedings had upon the trial, there remains only for our consideration on this appeal to determine whether there was error in the admission of evidence or the rulings upon the trial.   The exceptions are many in number, and we have carefully examined each of them, and find that they present no error calling for a reversal of the judgment.   The case was ably tried, there was a conflict of evidence, and the case was fairly and impartially submitted to the jury, and their verdict finds ample support in the evidence.

Judgment and order appealed from should be affirmed, with costs.